**Reversed and Remanded and Memorandum Majority and Dissenting Opinions filed May 16, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00873-CV

---

## DAVID ZINSMEISTER & MARLENE ZINSMEISTER, Appellants

## V.

## HOUSTON METHODIST HOSPITAL, Appellee

---

**On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2020-58803**

---

### MEMORANDUM DISSENTING OPINION

I agree with the majority that the expert report in this case fails to identify what different treatment a hospitalist or internal medicine specialist would have provided to David if the hospital had made one available sooner. I part ways with the majority, however, because this failure amounts to an analytical gap in the report such that the report does not sufficiently explain causation. For this reason, I respectfully dissent.

When the defendant's alleged breach of the standard of care is the failure to consult with or retain another physician to treat some preexisting condition, as here, ordinarily the report should identify the course of treatment that the specialist would have provided and how this treatment would have led to a different outcome. *See Kocurek v. Colby*, No. 03-13-00057-CV, 2014 WL 4179454, at *4 (Tex. App.—Austin Aug. 22, 2014, no pet.) (mem. op.) (report did not "explain what treatment or therapy a specialist would have provided had [the patient] been referred earlier or how such treatment or therapy would have prevented [the patient]'s injuries"); *Carney v. Holder*, No. 12-13-00024-CV, 2014 WL 3939915, at *7 (Tex. App.—Tyler Aug. 13, 2014, no pet.) (mem. op.) (report was inadequate on issue of causation based on alleged breach of standard of care by failing to refer patient to an oncologist when "the report does not identify the course of treatments that Appellants or an oncologist should have provided"); *Tenet Hosps. Ltd. v. Love*, 347 S.W.3d 743, 755 (Tex. App.—El Paso 2011, no pet.) (report was inadequate on issue of causation when it alleged the hospital's failure to provide a specialist because, by opining that the patient would not have died, the report "simply expressed an inference without stating the underlying facts upon which that inference was based"); *Ngo v. Lewis*, No. 09-10-00140-CV, 2010 WL 3518225, at *3 (Tex. App.—Beaumont Sept. 9, 2010, no pet.) (mem. op.) ("Without explanation about what treatment would have been offered had there been an earlier neonatology consult, [the defendant] was left to speculate how an earlier consult might have changed [the patient]'s treatment."); *Estorque v. Schafer*, 302 S.W.3d 19, 28–29 (Tex. App.—Fort Worth 2009, no pet.) (report had "gaps by not explaining how or why the physicians' failure to consult a urologist or gynecologist caused worsening or progression of [the plaintiff]'s listed conditions"); *Hardy v. Marsh*, 170 S.W.3d 865, 870 (Tex. App.—Texarkana 2005,

2

no pet.) (report failed to "state what additional procedures or treatment would have been provided by the surgeon").

Here, the report does not identify when the hospital should have assigned another physician to David's care nor explain what steps that physician should have taken to address the complications from his surgery more quickly. Without such information, the report fails to provide a fair summary of how an earlier referral to a specialist would have prevented David's injuries.

The trial court did not abuse its discretion by granting the motion to dismiss. I would affirm the judgment.


/s/     Ken Wise
        Justice


Panel consists of Justices Wise, Zimmerer, and Poissant. (Poissant, J., majority).

3